S. BRENT VOGEL
Nevada Bar No. 6858
Brent.Vogel@lewisbrisbois.com
JOHN M. ORR
Nevada Bar No. 14251
John.Orr@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
TEL: 702.893.3383
FAX: 702.893.3789
*Attorneys for Defendants Wellpath, Ebony-Michelle Garner, Shawn Mapleton, M.D., Regina Elizondo, Francis Boddie-Small, Virgilio Padilla, and Vicky Morgan*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MARIAM BLUE, individually, and as Special Administrator of the Estate of STEPHEN BURRELL; LISA L. CARROLL on behalf of her wards SMB, and SFB, individually, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF LAS VEGAS, a political subdivision of the State of Nevada; MICHELE FREEMAN, Former Chief of City of Las Vegas Department of Public Safety, in her official and individual capacities; ROBERT STRAUBE, Deputy Chief of Detention Services for City of Las Vegas Department of Public Safety, LIEUTENANT SHARON MEADS, LIEUTENANT CESAR LANDROVE, LIEUTENANT VENUS THOMPSON, LIEUTENANT DANIELLE DAVIS, in their official and individual capacities; WELLPATH CARE, F/K/A CORRECT CARE SOLUTIONS, individually; OFFICER DORADO, individually; OFFICER D. CHAPARRO, individually; OFFICER M. WASHINGTON, individually; SGT M. PARKER, individually; SGT. C. SMITH, individually; SGT. WEDIG, individually; SHAWN MAPLETON, | Case No.: 2:21-cv-00372-RFB-DJA <br><br> **DEFENDANTS WELLPATH, F/K/A CORRECT CARE SOLUTIONS, EBONY-MICHELLE GARNER, SHAWN MAPLETON, M.D., REGINA ELIZONDO, FRANCIS BODDIE-SMALL, VIRGILIO PADILLA, AND VICKY MORGAN'S ANSWER TO PLAINTIFFS' COMPLAINT** |

4851-1350-3975.1

individually; MICHAEL POPOV, individually; FRANCES BODDIE-SMALL, individually; VIRGILIO PADILLA, individually; EBONYMICHELLE D. GARNER, individually; PSYCH RN DEE, individually; REGINA ELIZONDO, individually, and DOES 1-35, inclusive all of whom are sued in their individual capacities,

Defendants.

COME NOW Defendants WELLPATH CARE, F/K/A CORRECT CARE SOLUTIONS, EBONY-MICHELLE GARNER, SHAWN MAPLETON, M.D., REGINA ELIZONDO, FRANCIS BODDIE-SMALL, VIRGILIO PADILLA, AND VICKY MORGAN's (erroneously named as "Psych Nurse Dee") by and through their counsel of record, S. Brent Vogel, Esq., and John M. Orr, Esq., of the law firm Lewis Brisbois Bisgaard & Smith, LLP, and Answers PLAINTIFFS' Complaint as follows:

**INTRODUCTION**

1. Answering Paragraphs 1 and 2 of Plaintiffs' Complaint, Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and upon that basis, deny each and every allegation contained therein.

2. Answering Paragraph 3 of Plaintiffs' Complaint, Defendants deny each and every allegation contained therein.

3. Answering Paragraph 4 of Plaintiff's Complaint, Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and upon that basis, deny each and every allegation contained therein.

**PARTIES**

1. Answering Paragraphs 5 of Plaintiffs' Complaint, Defendants admit STEPHEN had been diagnosed with schizophrenia. Defendants are without sufficient information or knowledge to admit or deny the remaining allegations contained therein and upon that basis, deny each and every remaining allegation contained therein.

4851-1350-3975.1         2

2.  Answering paragraphs 6 and 7 of Plaintiffs' Complaint, Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and upon that basis, deny each and every allegation contained therein.

3.  Answering Paragraphs 8 of Plaintiffs' Complaint, Defendants deny the allegations contained therein.

4.  Answering Paragraph 9 of Plaintiffs' Complaint, Defendants admit the allegations contained therein.

5.  Answering Paragraphs 10, 11, 12, 13, 14, 15, 16, 17, 18, and 19 of Plaintiffs' Complaint, Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and upon that basis, deny each and every allegation contained therein.

6.  Answering Paragraph 20 of Plaintiffs' Complaint, Defendants admit WELLPATH had a contract with the CITY OF LAS VEGAS to provide health care to inmates housed at the City of Las Vegas Jail. Defendants deny the remaining allegations contained therein.

7.  Answering Paragraphs 21 of Plaintiffs' Complaint, Defendants admit the MEDICAL DEFENDANTS were providers or health care employed by WELLPATH. Defendants deny the remaining allegations contained therein.

8.  Answering Paragraphs 22 of Plaintiffs' Complaint, Defendants deny the allegations contained therein.

9.  Answering Paragraphs 23, 24, and 25 of Plaintiffs' Complaint, Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and upon that basis, deny each and every allegation contained therein.

**JURISDICTION AND VENUE**

10.  Answering Paragraphs 26 and 27 of Plaintiffs' Complaint, Defendants admit each and every allegation contained therein.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

11.  Answering Paragraph 28 of Plaintiffs' Complaint, Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and upon that basis, deny each and every allegation contained therein.

12. Answering Paragraph 29 of Plaintiffs' Complaint, Defendants admit each and every allegation contained therein.

13. Answering Paragraphs 30, 31, and 32 of Plaintiffs' Complaint, Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and upon that basis, deny each and every allegation contained therein.

14. Answering Paragraph 33 Plaintiffs' Complaint, Defendants admit each and every allegation contained therein.

15. Answering Paragraph 34 Plaintiffs' Complaint, Defendants deny each and every allegation contained therein.

16. Answering Paragraph 35 of Plaintiffs' Complaint, Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and upon that basis, deny each and every allegation contained therein.

17. Answering Paragraph 36 of Plaintiffs' Complaint, Defendants deny each and every allegation contained therein.

18. Answering Paragraphs 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, and 68 of Plaintiffs' Complaint, Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and upon that basis, deny each and every allegation contained therein.

**FIRST CLAIM FOR RELIEF**

**SUBSTANTIVE DUE PROCESS (42 U.S.C. § 1983)
VIOLATION OF FOURTEENTH AMENDMENT-
DEPRIVATION OF DUE PROCESS AND FAMILIAL RELATIONSHIPS
(SPECIAL ADMINISTRATION v. ALL DEFENDANTS)**

19. Answering Paragraph 69 of Plaintiffs' Complaint, Defendants hereby repeat, reallege, and incorporate by reference their responses to Paragraphs 1 through 18 as though fully set forth herein.

20. Answering Paragraphs 70, 71, 72, 73, 74. 75, and 76 of Plaintiffs' Complaint, Defendants deny each and every allegation contained therein.

21.     Answering Paragraph 77 of Plaintiffs' Complaint, Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and upon that basis, deny each and every allegation contained therein.

## SECOND CLAIM FOR RELIEF

**SUBSTANTIVE DUE PROCESS (42 U.S.C. . § 1983)
VIOLATION OF FOURTEENTH AMENDMENT-
DEPRIVATION OF DUE PROCESS AND FAMILIAL RELATIONSHIPS
(SMB and SFB v. ALL DEFENDANTS)**

22.     Answering Paragraph 78 of Plaintiffs' Complaint, Defendants hereby repeat, reallege, and incorporate by reference their responses to Paragraphs 1 through 21 as though fully set forth herein.

23.     Answering Paragraphs 79, 80, 81, 82, and 83 of Plaintiffs' Complaint, Defendants deny each and every allegation contained therein.

24.     Answering Paragraphs 84 and 85 of Plaintiffs' Complaint, Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and upon that basis, deny each and every allegation contained therein.

## THIRD CLAIM FOR RELIEF

**MUNICIPAL LIABILITY FOR UNCONSTITUTIONAL CUSTOM OR POLICY IN
VIOLATION OF THE FOURTEENTH AMENDMENT DUE PROCESS CLAUSE
(42 U.S.C. § 1983)
(SPECIAL ADMINISTRATOR V. CITY OF LAS VEGAS and SUPERVISORY
DEFENDANTS)**

25.     Answering Paragraph 86 of Plaintiffs' Complaint, Defendants hereby repeat, reallege, and incorporate by reference their responses to Paragraphs 1 through 24 as though fully set forth herein.

26.     Answering Paragraph 87 (*a through i*) of Plaintiffs' Complaint, Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and upon that basis, deny each and every allegation contained therein.

27.     Answering Paragraph 88 of Plaintiffs' Complaint, Defendants deny each and every allegation contained therein.

28. Answering Paragraphs 89, 90, and 91 of Plaintiffs' Complaint, Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and upon that basis, deny each and every allegation contained therein.

29. Answering Paragraphs 92, 93, 94, 95, 96, 97, 98, 99, and 100 of Plaintiffs' Complaint, Defendants deny each and every allegation contained therein.

30. Answering Paragraph 101 of Plaintiffs' Complaint, Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and upon that basis, deny each and every allegation contained therein.

## FOURTH CLAIM FOR RELIEF

**DISABILITY DISCRIMINATION**
**§ 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a), Title II of the Americans with Disabilities Act, 42 U.S.C. § 1213, et. Seq.**
**(SPECIAL ADMINISTRATOR v. CITY OF LAS VEGAS)**

31. Answering Paragraph 102 of Plaintiffs' Complaint, Defendants hereby repeat, reallege, and incorporate by reference their responses to Paragraphs 1 through 30 as though fully set forth herein.

32. Answering Paragraph 103 of Plaintiffs' Complaint, Defendants admit STEPHEN had schizophrenia. Defendants deny the remaining allegation contained therein.

33. Answering Paragraphs 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128 (*a through f*), 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, and 140 of Plaintiffs' Complaint, Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and upon that basis, deny each and every allegation contained therein.

///

///

///

**FIFTH CLAIM FOR RELIEF**

**MUNICIPAL LIABILITY-FAILURE TO TRAIN (42 U.S.C. § 1983)**
**(SPECIAL ADMINISTRATOR v. CITY OF LAS VEGAS and SUPERVISORY DEFENDANTS)**

34. Answering Paragraph 141 of Plaintiffs' Complaint, Defendants hereby repeat, reallege, and incorporate by reference their responses to Paragraphs 1 through 33 as though fully set forth herein.

35. Answering Paragraphs 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, and 158 of Plaintiffs' Complaint, Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and upon that basis, deny each and every allegation contained therein.

**FIFTH CLAIM FOR RELIEF**

**MUNICIPAL LIABILITY-RATIFICATION (42 U.S.C. § 1983)**
**(PLAINTIFFS v. CITY OF LAS VEGAS and SUPERVISORY DEFENDANTS)**

36. Answering Paragraph 159 of Plaintiffs' Complaint, Defendants hereby repeat, reallege, and incorporate by reference their responses to Paragraphs 1 through 158 as though fully set forth herein.

37. Answering Paragraph 160 of Plaintiffs' Complaint, Defendants deny each and every allegation contained therein.

38. Answering Paragraphs 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, and 176 of Plaintiffs' Complaint, Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and upon that basis, deny each and every allegation contained therein.

**SIXTH CLAIM FOR RELIEF**

**NEGLIGENCE-WRONGFUL DEATH (Nevada State-Law Claim)**
**(ALL PLAINTIFFS v. ALL DEFENDANTS)**

39. Answering Paragraph 177 of Plaintiffs' Complaint, Defendants hereby repeat, reallege, and incorporate by reference their responses to Paragraphs 1 through 38 as though fully set forth herein.

40. Answering Paragraphs 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 189, and 190 of Plaintiffs' Complaint, Defendants deny each and every allegation contained therein.

41. Answering Paragraphs 191, 192, and 193 of Plaintiffs' Complaint, Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and upon that basis, deny each and every allegation contained therein.

## SEVENTH CLAIM FOR RELIEF

**NEGLECT OF A VULNERABLE PERSON**
(Nevada State-Law Claim)
**(SPECIAL ADMINISTRATOR v. ALL DEFENDANTS)**

42. Answering Paragraph 194 of Plaintiffs' Complaint, Defendants hereby repeat, reallege, and incorporate by reference their responses to Paragraphs 1 through 193 as though fully set forth herein.

43. Answering Paragraph 195 of Plaintiffs' Complaint, Defendants admit STEPHEN had schizophrenia. Defendants deny the remaining allegation contained therein.

44. Answering Paragraph 196 of Plaintiffs' Complaint, Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and upon that basis, deny each and every allegation contained therein.

45. Answering Paragraph 197 of Plaintiffs' Complaint, Defendants deny each and every allegation contained therein.

46. Answering Paragraph 198 of Plaintiffs' Complaint, Defendants admit the Defendants had a duty consistent with Nevada law. Defendants deny the remaining allegation contained therein.

47. Answering Paragraphs 199 and 200 of Plaintiffs' Complaint, Defendants deny each and every allegation contained therein.

48. Answering Paragraphs 201, and 202 of Plaintiffs' Complaint, Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and upon that basis, deny each and every allegation contained therein.

///

### EIGHTH CLAIM FOR RELIEF

### MEDICAL MALPRACTICE (Nevada State-Law Claim)
### (SPECIAL ADMINISTRATOR v. MEDICAL DEFENDANTS)

49. Answering Paragraph 203 of Plaintiffs' Complaint, Defendants hereby repeat, reallege, and incorporate by reference their responses to Paragraphs 1 through 202 as though fully set forth herein.

50. Answering Paragraph 204 of Plaintiffs' Complaint, Defendants admit the Defendants owed a duty consistent with Nevada law. Defendants deny the remaining allegation contained therein.

51. Answering Paragraphs 205, 206, 207, and 208 of Plaintiffs' Complaint, Defendants deny each and every allegation contained therein.

52. Answering Paragraphs 209, 210, and 211 of Plaintiffs' Complaint, Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and upon that basis, deny each and every allegation contained therein.

### NINTH CLAIM FOR RELIEF

### DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL NEED IN VIOLATION OF THE FOURTEENTH AMENDMENT (42 USC 1983)
### (SPECIAL ADMINISTRATOR v. ALL DEFENDANTS)

53. Answering Paragraph 212 of Plaintiffs' Complaint, Defendants hereby repeat, reallege, and incorporate by reference their responses to Paragraphs 1 through 52 as though fully set forth herein.

54. Answering Paragraphs 213, 214, 215, 216, 217, 218, 219, 220, and 221 of Plaintiffs' Complaint, Defendants deny each and every allegation contained therein.

### CONCLUDING ANSWER TO ALL ALLEGATIONS

All allegations not specifically addressed above due to the nature of the language and constructions of the allegations, or for any other reason, are specifically denied.

///

///

**AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint on file herein fails to state a claim against Defendant upon which relief can be granted.

2. Plaintiff's Complaint on file herein is barred by the applicable statute of limitations.

3. The injuries, if any, allegedly suffered by Plaintiff as set forth in the Complaint were caused in whole or in part by the negligence of a third party or third parties over which Defendant had no control.

4. The damages, if any, alleged by Plaintiff are not the result of any acts of omission, commission, or negligence, but were the result of a known risk(s), which was consented to by Plaintiff.

5. Pursuant to NRS 41A.110, Defendant is entitled to a conclusive presumption of informed consent.

6. The damages, if any, incurred by Plaintiff are not attributable to any act, conduct, or omission on the part of the Defendant. Defendant denies that it was negligent or otherwise culpable in any matter or in any degree with respect to the matters set forth in Plaintiff's Complaint.

7. That it has been necessary for Defendants to employ the services of an attorney to defend this action and a reasonable sum should be allowed Defendant for attorneys' fees, together with costs of suit incurred herein.

8. Pursuant NRS 41A.035 Plaintiff's non-economic damages, if any, may not exceed $350,000.

9. Defendants are not jointly liable with any other entities that may or may not be named in this action, and will only be severally liable for that portion of Plaintiff's claims that represent the percentage of negligence attributable to Defendants, if any.

10. Plaintiff's damages, if any, were not proximately caused by Defendants.

11. Plaintiff's injuries and damages, if any, are the result of forces of nature over which Defendants had no control or responsibility.

4851-1350-3975.1                                      10

12. Plaintiff is barred from asserting any claims against Defendants because the alleged damages were the result of one or more unforeseeable intervening and superseding causes.

13. Plaintiff failed to mitigate damages, if any.

14. Plaintiff failed to allege facts in support of any award of pre-judgment interest.

15. The incident alleged in the Complaint, and the resulting damages, if any, to Plaintiff, was proximately caused or contributed to by the Plaintiff's own negligence, and such negligence was greater than the negligence, if any, of Defendants.

16. Pursuant to NRCP 11, as amended, all applicable Affirmative Defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of Defendants' Answer and, therefore, Defendants reserve the right to amend their Answer to allege additional Affirmative Defenses if subsequent investigation warrants.

17. Plaintiff failed to substantively comply with NRS 41A.071.

18. At all times mentioned herein, Defendants acted reasonably and in good faith with regard to the acts and transactions which are the subject of this lawsuit.

19. To the extent Plaintiff has been reimbursed from any source for any special damages claimed to have been sustained as a result of the incidents alleged in Plaintiff's Complaint, these Answering Defendants may elect to offer those amounts into evidence and, if this Answering Defendant so elects, Plaintiff's special damages shall be reduced by those amounts pursuant to NRS 42.021.

20. Defendants hereby incorporate by reference those affirmative defenses enumerated in NRCP 8 as if fully set forth herein. In the event further investigation or discovery reveals the applicability of such defenses, Defendants reserve the right to seek leave of the court to amend this Answer to assert the same. Such defenses are incorporated herein by reference for the purpose of not waiving the same.

22. Defendants avail themselves of all affirmative defenses and limitations of action as set out in NRS 41.085, 41A.035, 41A.045, 41A.061, 41A.071, 41A.097, 41A.100, 42.005,

42.021, 41.141, and all applicable subparts.

23. NRS Chapters 41 and 41A limit damages that may be collectable against this Answering Defendants.

DATED this 29th day of April, 2021

LEWIS BRISBOIS BISGAARD & SMITH LLP

By    /s/ *John M. Orr*
S. BRENT VOGEL
Nevada Bar No. 6858
JOHN M. ORR
Nevada Bar No. 14251
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
Tel. 702.893.3383
*Attorneys for Defendants Wellpath, Ebony-Michelle Garner, Shawn Mapleton, M.D., Regina Elizondo, Francis Boddie-Small, Virgilio Padilla, and Vicky Morgan*

# CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of April, 2021, I electronically filed the foregoing **DEFENDANTS WELLPATH, F/K/A CORRECT CARE SOLUTIONS, EBONY-MICHELLE GARNER, SHAWN MAPLETON, M.D., REGINA ELIZONDO, FRANCIS BODDIE-SMALL, VIRGILIO PADILLA, AND VICKY MORGAN'S ANSWER TO PLAINTIFFS' COMPLAINT** with the Clerk of Court for the United States District Court, and served the registered user participants in the case, by using the Court's CM/ECF system.

/s/ *Roya Rokni*
An employee of
Lewis Brisbois Bisgaard & Smith LLP