ERIN E. JORDAN
Nevada Bar No. 10018
Erin.Jordan@lewisbrisbois.com
NATALIE J. HAGEN
Nevada Bar No. 15742
Natalie.Hagen@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
TEL: 702.893.3383
FAX: 702.893.3789
*Attorneys for Defendants Wellpath, Ebony-Michelle Garner, Shawn Mapleton, M.D., Regina Elizondo, Francis Boddie-Small, Virgilio Padilla, and Vicky Morgan*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MARIAM BLUE, individually, and as Special Administrator of the Estate of STEPHEN BURRELL; LISA L. CARROLL on behalf of her wards SMB, and SFB, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LAS VEGAS, a political subdivision of the State of Nevada; MICHELE FREEMAN, Former Chief of City of Las Vegas Department of Public Safety, in her official and individual capacities; ROBERT STRAUBE, Deputy Chief of Detention Services for City of Las Vegas Department of Public Safety, LIEUTENANT SHARON MEADS, LIEUTENANT CESAR LANDROVE, LIEUTENANT VENUS THOMPSON, LIEUTENANT DANIELLE DAVIS, in their official and individual capacities;  WELLPATH CARE, F/K/A CORRECT CARE SOLUTIONS, individually; OFFICER DORADO, individually; OFFICER D. CHAPARRO, individually; OFFICER M. WASHINGTON, individually; SGT M. PARKER, individually; SGT. C. SMITH, individually; SGT. WEDIG, individually; SHAWN MAPLETON, | Case No.: 2:21-cv-00372-RFB-DJA<br><br>**DEFENDANTS WELLPATH CARE, F/K/A CORRECT CARE SOLUTIONS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6 | individually; MICHAEL POPOV, individually; FRANCES BODDIE-SMALL, individually; EBONYMICHELLE D. GARNER, individually; PSYCH RN DEE, individually; REGINA ELIZONDO, individually, and DOES 1-35, inclusive all of whom are sued in their individual capacities,<br><br>                                    Defendants. |

COME NOW Defendants WELLPATH CARE, F/K/A CORRECT CARE SOLUTIONS, SHAWN MAPLETON, FRANCES BODDIE-SMALL, EBONY MICHELLE D. GARNER, VIRGILIO PADILLA, VICKY MORGAN (erroneously named as "Psych Nurse Dee"), and REGINA ELIZONDO, by and through their counsel of record, Erin E. Jordan, Esq., and Natalie J. Hagen, Esq., of the law firm Lewis Brisbois Bisgaard & Smith, LLP, and Answers Plaintiffs MARIAM BLUE's and LISA L. CARROLL's First Amended Complaint as follows:

## INTRODUCTION

1.     Answering Paragraphs 1, 2, 3, 4 and 5 of Plaintiffs' Complaint, Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and upon that basis, deny each and every allegation contained therein.

2.     Answering Paragraph 6 of Plaintiffs' Complaint, Defendants deny each and every allegation contained therein.

3.     Answering Paragraphs 7 and 8 of Plaintiffs' Complaint, Defendants are without sufficient information or knowledge to admit or deny the allegations contained therein and upon that basis, deny each and every allegation contained therein.

4.     Answering Paragraphs 9, 10, 11 and 12 of Plaintiffs' Complaint, Defendants deny each and every allegation contained therein.

## PARTIES

5.     Answering Paragraphs 13, 14, 15,16, 17, 18, and 19 of Plaintiffs' Complaint, Defendants are without sufficient knowledge to the form a belief as to the truth or falsity of the allegations contained therein and upon that basis, deny each and every allegation contained therein.

2

6. Answering Paragraph 20 of Plaintiffs' Complaint Defendants are without sufficient knowledge to the form a belief as to the truth or falsity of the allegations contained therein and upon that basis, deny each and every allegation contained therein.

7. Answering Paragraph 21 of Plaintiffs' Complaint, Defendants are without sufficient knowledge to the form a belief as to the truth or falsity of the allegations contained therein and upon that basis, deny each and every allegation contained therein.

8. Answering Paragraph 22 of Plaintiffs' Complaint, Defendants deny each and every allegation contained therein.

9. Answering Paragraphs 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, and 43 of Plaintiffs' Complaint, Defendants are without sufficient knowledge to the form a belief as to the truth or falsity of the allegations contained therein and upon that basis, deny each and every allegation contained therein.

10. Answering Paragraph 44 of Plaintiffs' Complaint, Defendants deny each and every allegation contained therein.

11. Answering Paragraph 45 of Plaintiffs' Complaint, Defendants are without sufficient knowledge to the form a belief as to the truth or falsity of the allegations contained therein and upon that basis, deny each and every allegation contained therein.

12. Answering Paragraph 46 of Plaintiffs' Complaint, Defendants deny each and every allegation contained therein.

13. Answering Paragraph 47 of Plaintiffs' Complaint, Defendants deny the allegations contained therein.

14. Answering Paragraphs 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65 and 66 of Plaintiffs' Complaint, Defendants are without sufficient knowledge to the form a belief as to the truth or falsity of the allegations contained therein and upon that basis, deny each and every allegation contained therein.

**JURISDICTION AND VENUE**

15. Answering Paragraphs 67, 68, and 69 of Plaintiffs' Complaint, Defendants admit each and every allegation contained therein.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

16. Answering Paragraphs 70, 71, 72, 73, 74, 75, 76 and 77 of Plaintiffs' Complaint, Defendants are without sufficient knowledge to the form a belief as to the truth or falsity of the allegations contained therein and upon that basis, deny each and every allegation contained therein.

17. Answering Paragraphs 78, 79 and 80 Plaintiffs' Complaint, Defendants deny each and every allegation contained therein.

18. Answering Paragraphs 81, 82, 83, 84, 85, 86, 87, and 88 of Plaintiffs' Complaint, Defendants are without sufficient knowledge to the form a belief as to the truth or falsity of the allegations contained therein and upon that basis, deny each and every allegation contained therein.

19. Answering Paragraphs 89 and 90 of Plaintiffs' Complaint, Defendants deny each and every allegation contained therein.

20. Answering Paragraph 91 of Plaintiffs' Complaint, Defendants are without sufficient knowledge to the form a belief as to the truth or falsity of the allegations contained therein and upon that basis, deny each and every allegation contained therein.

21. Answering Paragraph 92 of Plaintiffs' Complaint, Defendants deny each and every allegation contained therein.

22. Answering Paragraphs 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103 and 104 of Plaintiffs' Complaint, Defendants are without sufficient knowledge to the form a belief as to the truth or falsity of the allegations contained therein and upon that basis, deny each and every allegation contained therein.

23. Answering Paragraphs 105 and 106 of Plaintiffs' Complaint, Defendants deny each and every allegation contained therein.

24. Answering Paragraphs 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, and 125 of Plaintiffs' Complaint, Defendants are without sufficient knowledge to the form a belief as to the truth or falsity of the allegations contained therein and upon that basis, deny each and every allegation contained therein.

25. Answering Paragraphs 126, 127 and 128 of Plaintiffs' Complaint, Defendants admit each and every allegation contained therein.

26. Answering Paragraphs 129, 130, 131, 132, 133, 134, and 135 of Plaintiffs' Complaint, Defendants are without sufficient knowledge to the form a belief as to the truth or falsity of the allegations contained therein and upon that basis, deny each and every allegation contained therein.

27. Answering Paragraphs 136 and 137 of Plaintiffs' Complaint, Defendants deny each and every allegation contained therein.

28. Answering Paragraphs 138 and 139 of Plaintiffs' Complaint, Defendants are without sufficient knowledge to the form a belief as to the truth or falsity of the allegations contained therein and upon that basis, deny each and every allegation contained therein.

29. Answering Paragraphs 140, 141, 142, and 143 of Plaintiffs' Complaint, Defendants deny each and every allegation contained therein.

30. Answering Paragraphs 144, 145, and 146 of Plaintiffs' Complaint, Defendants are without sufficient knowledge to the form a belief as to the truth or falsity of the allegations contained therein and upon that basis, deny each and every allegation contained therein.

31. Answering Paragraph 147 of Plaintiffs' Complaint, Defendants deny each and every allegation contained therein.

32. Answering Paragraphs 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, and 158 of Plaintiffs' Complaint, Defendants are without sufficient knowledge to the form a belief as to the truth or falsity of the allegations contained therein and upon that basis, deny each and every allegation contained therein.

33. Answering Paragraph 159 of Plaintiffs' Complaint, Defendants deny each and every allegation contained therein.

**<u>FIRST CLAIM FOR RELIEF</u>**

**DELIBERATE INDIFFERENCE TO SERIOS MEDICAL NEEDS**

**IN VIOLATION OF THE FOURTEENTH AMENDMENT (42 U.S.C § 1983)**

*Special Administrator v. Individual Defendants*



34. Answering Paragraph 160 of Plaintiffs' Complaint, Defendants hereby repeat, reallege, and incorporate by reference their responses to Paragraphs 1 through 159 as though fully set forth herein.

35. Answering Paragraphs 161 and 162 of Plaintiffs' Complaint, Defendants are without sufficient knowledge to the form a belief as to the truth or falsity of the allegations contained therein and upon that basis, deny each and every allegation contained therein.

36. Answering Paragraphs 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, and 173 of Plaintiffs' Complaint, Defendants deny each and every allegation contained therein.

## SECOND CLAIM FOR RELIEF

## DEPRIVATION OF FAMILIAL ASSOCIATION

## IN VIOLATION OF THE FOURTEENTH AMENDMENT (42 U.S.C § 1983)

*All Plaintiffs v. Individual Defendants*

37. Answering Paragraph 174 of Plaintiffs' Complaint, Defendants hereby repeat, reallege, and incorporate by reference their responses to Paragraphs 1 through 173 as though fully set forth herein.

38. Answering Paragraphs 175 and 176 of Plaintiffs' Complaint, Defendants are without sufficient knowledge to the form a belief as to the truth or falsity of the allegations contained therein and upon that basis, deny each and every allegation contained therein.

39. Answering Paragraphs 177, 178, 179, 180, 181, and 182 of Plaintiffs' Complaint, Defendants deny each and every allegation contained therein.

## THIRD CLAIM FOR RELIEF

## OVER-DETENTION

## IN VIOLATION OF FOURTEENTH AMENDMENT (42 U.S.C § 1983)

*Special Administrator v. Individual Defendants*

40. Answering Paragraph 183 of Plaintiffs' Complaint, Defendants hereby repeat, reallege, and incorporate by reference their responses to Paragraphs 1 through 182 as though fully set forth herein.

41.   Answering Paragraphs 184 and 185 of Plaintiffs' Complaint, Defendants are without sufficient knowledge to the form a belief as to the truth or falsity of the allegations contained therein and upon that basis, deny each and every allegation contained therein.

42.   Answering Paragraphs 186, 187, 188, 189, and 190 of Plaintiffs' Complaint, Defendants deny each and every allegation contained therein.

### FOURTH CLAIM FOR RELIEF

### *MONELL* LIABILITY- FAILURE TO TRAIN (42 U.S.C § 1983)

*Special Administrator v. City of Las Vegas & Wellpath*

43.   Answering Paragraph 191 of Plaintiffs' Complaint, Defendants hereby repeat, reallege, and incorporate by reference their responses to Paragraphs 1 through 190 as though fully set forth herein.

44.   Answering Paragraphs 192, 193 (*a. through h.*), 194, 195, 196, 197, and 198 of Plaintiffs' Complaint, Defendants deny each and every allegation contained therein.

### FIFTH CLAIM FOR RELIEF

### *MONELL* LIABILITY- POLICY & CUSTOM (42 U.S.C § 1983)

*Special Administrator v. City of Las Vegas & Wellpath*

45.   Answering Paragraph 199 of Plaintiffs' Complaint, Defendants hereby repeat, reallege, and incorporate by reference their responses to Paragraphs 1 through 198 as though fully set forth herein.

46.   Answering Paragraphs 200 (*a. through i.*), 201, 202, 203 and 204 of Plaintiffs' Complaint, Defendants deny each and every allegation contained therein.

47.   Answering Paragraph 205 of Plaintiffs' Complaint, Defendants are without sufficient knowledge to the form a belief as to the truth or falsity of the allegations contained therein and upon that basis, deny each and every allegation contained therein.

### SIXTH CLAIM FOR RELIEF

### DISABILITY DISCRIMINATION

### IN VIOLATION OF THE REHABILITATION ACT OF 1973 and TITLE II OF THE AMERICANS WITH DISABILITIES ACT ("ADA")

*Special Administrator v. City of Las Vegas & Wellpath*

48. Answering Paragraph 206 of Plaintiffs' Complaint, Defendants hereby repeat, reallege, and incorporate by reference their responses to Paragraphs 1 through 205 as though fully set forth herein.

49. Answering Paragraphs 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, and 217 of Plaintiffs' Complaint, Defendants deny each and every allegation contained therein.

## SEVENTH CLAIM FOR RELIEF

## WRONGFUL DEATH

## IN VIOLATION OF NEVADA STATE LAW

*SMB, SFB, and Mariam Blue v. All Defendants*

50. Answering Paragraph 218 of Plaintiffs' Complaint, Defendants hereby repeat, reallege, and incorporate by reference their responses to Paragraphs 1 through 217 as though fully set forth herein.

51. Answering Paragraphs 219 (*a. through d.*), 220, 221, and 222 (*a. through d.*) of Plaintiffs' Complaint, Defendants deny each and every allegation contained therein.

52. Answering Paragraphs 223 and 224 of Plaintiffs' Complaint, Defendants are without sufficient knowledge to the form a belief as to the truth or falsity of the allegations contained therein and upon that basis, deny each and every allegation contained therein.

## EIGHTH CLAIM FOR RELIEF

## WRONGFUL DEATH

## IN VIOLATION OF NEVADA STATE LAW

*Special Administrator v. All Defendants*

53. Answering Paragraph 225 of Plaintiffs' Complaint, Defendants hereby repeat, reallege, and incorporate by reference their responses to Paragraphs 1 through 224 as though fully set forth herein.

54. Answering Paragraphs 226 (*a. through d.*), 227, 228 (*a. through d.*), and 229 of Plaintiffs' Complaint, Defendants deny each and every allegation contained therein.

55. Answering Paragraphs 230 and 231 of Plaintiffs' Complaint, Defendants are without sufficient knowledge to the form a belief as to the truth or falsity of the allegations contained therein and upon that basis, deny each and every allegation contained therein.

## NINTH CLAIM FOR RELIEF

### NEGLECT OF A VULNERABLE PERSON

### IN VIOLATION OF NEVADA STATE LAW

*Special Administrator v. All Defendants*

56. Answering Paragraph 232 of Plaintiffs' Complaint, Defendants hereby repeat, reallege, and incorporate by reference their responses to Paragraphs 1 through 231 as though fully set forth herein.

57. Answering Paragraphs 233, 234, 235, 236, 237, 238, and 239 of Plaintiffs' Complaint, Defendants deny each and every allegation contained therein.

58. Answering Paragraphs 240 and 241 of Plaintiffs' Complaint, Defendants are without sufficient knowledge to the form a belief as to the truth or falsity of the allegations contained therein and upon that basis, deny each and every allegation contained therein.

## TENTH CLAIM FOR RELIEF

### MEDICAL MALPRACTICE

### IN VIOLATION OF NEVADA STATE LAW

*All Plaintiffs v. Medical Defendants*

59. Answering Paragraph 242 of Plaintiffs' Complaint, Defendants hereby repeat, reallege, and incorporate by reference their responses to Paragraphs 1 through 241 as though fully set forth herein.

60. Answering Paragraphs 243, 244, 245, 246, and 247 of Plaintiffs' Complaint, Defendants deny each and every allegation contained therein.

61. Answering Paragraphs 248 and 249 of Plaintiffs' Complaint, Defendants are without sufficient knowledge to the form a belief as to the truth or falsity of the allegations contained therein and upon that basis, deny each and every allegation contained therein.

/ / /



**AFFIRMATIVE DEFENSES**

62. Plaintiffs' Complaint on file herein fails to state a claim against Defendants upon which relief can be granted.

63. Plaintiffs' Complaint on file herein is barred by the applicable statute of limitations.

64. The injuries, if any, allegedly suffered by Plaintiff as set forth in the Complaint were caused in whole or in part by the negligence of a third party or third parties over which Defendant had no control.

65. The damages, if any, alleged by Plaintiff are not the result of any acts of omission, commission, or negligence, but were the result of a known risk(s), which was consented to by Plaintiff.

66. Pursuant to NRS 41A.110, Defendant is entitled to a conclusive presumption of informed consent.

67. The damages, if any, incurred by Plaintiff are not attributable to any act, conduct, or omission on the part of the Defendant. Defendant denies that it was negligent or otherwise culpable in any matter or in any degree with respect to the matters set forth in Plaintiff's Complaint.

68. That it has been necessary for Defendants to employ the services of an attorney to defend this action and a reasonable sum should be allowed Defendant for attorneys' fees, together with costs of suit incurred herein.

69. Pursuant NRS 41A.035 Plaintiff's non-economic damages, if any, may not exceed $350,000.

70. Defendants are not jointly liable with any other entities that may or may not be named in this action and will only be severally liable for that portion of Plaintiff's claims that represent the percentage of negligence attributable to Defendants, if any.

71. Plaintiff's damages, if any, were not proximately caused by Defendants.

72. Plaintiff's injuries and damages, if any, are the result of forces of nature over which Defendants had no control or responsibility.


LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

73. Plaintiff is barred from asserting any claims against Defendants because the alleged damages were the result of one or more unforeseeable intervening and superseding causes.

74. Plaintiff failed to mitigate damages, if any.

75. Plaintiff failed to allege facts in support of any award of pre-judgment interest.

76. The incident alleged in the Complaint, and the resulting damages, if any, to Plaintiff, was proximately caused or contributed to by the Plaintiff's own negligence, and such negligence was greater than the negligence, if any, of Defendants.

77. Pursuant to NRCP 11, as amended, all applicable Affirmative Defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of Defendants' Answer and, therefore, Defendants reserve the right to amend their Answer to allege additional Affirmative Defenses if subsequent investigation warrants.

78. Plaintiffs failed to substantively comply with NRS 41A.071.

79. At all times mentioned herein, Defendants acted reasonably and in good faith with regard to the acts and transactions which are the subject of this lawsuit.

80. To the extent Plaintiffs has been reimbursed from any source for any special damages claimed to have been sustained as a result of the incidents alleged in Plaintiff's Complaint, Defendants may elect to offer those amounts into evidence and, if this Defendants so elect, Plaintiffs' special damages shall be reduced by those amounts pursuant to NRS 42.021.

81. Defendants hereby incorporate by reference those affirmative defenses enumerated in NRCP 8 as if fully set forth herein. In the event further investigation or discovery reveals the applicability of such defenses, Defendants reserve the right to seek leave of the court to amend this Answer to assert the same. Such defenses are incorporated herein by reference for the purpose of not waiving the same.

82. Defendants avail themselves of all affirmative defenses and limitations of action as set out in NRS 41.085, 41A.035, 41A.045, 41A.061, 41A.071, 41A.097, 41A.100, 42.005, 42.021, 41.141, and all applicable subparts.

83. NRS Chapters 41 and 41A limit damages that may be collectable against this Answering Defendants.

WHEREFORE, Defendants pray for judgment against Plaintiffs as follows:

1. That Plaintiffs take nothing by virtue of their First Amended Complaint;

2. That Plaintiffs be held liable in contribution and or common law indemnity and contribution, and for such other and further relief to which Defendants are justly entitled;

3. That Defendants recover costs of suit incurred herein;

4. That Defendants recover attorneys' fees and costs; and

5. For such other and further relief as the Court may deem just, equitable, and proper.

DATED this 10th day of November, 2021.

LEWIS BRISBOIS BISGAARD & SMITH LLP

By   /s/ Natalie J. Hagen
ERIN E. JORDAN
Nevada Bar No. 10018
NATALIE J. HAGEN
Nevada Bar No. 15742
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
Tel. 702.893.3383
*Attorneys for Defendants Wellpath, Ebony-Michelle Garner, Shawn Mapleton, M.D., Regina Elizondo, Francis Boddie-Small, Virgilio Padilla, and Vicky Morgan*

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of November, 2021, I electronically filed the foregoing **DEFENDANTS WELLPATH, F/K/A CORRECT CARE SOLUTIONS, EBONY-MICHELLE GARNER, SHAWN MAPLETON, M.D., REGINA ELIZONDO, FRANCIS BODDIE-SMALL, VIRGILIO PADILLA, AND VICKY MORGAN'S ANSWER TO PLAINTIFFS' COMPLAINT** with the Clerk of Court for the United States District Court, and served the registered user participants in the case, by using the Court's CM/ECF system.

/s/ *Roya Rokni*
An employee of
Lewis Brisbois Bisgaard & Smith LLP

