S. Brent Vogel
Nevada Bar No. 6858
Brent.Vogel@lewisbrisbois.com
ERIN E. JORDAN
Nevada Bar No. 10018
Erin.Jordan@lewisbrisbois.com
SHADY SIRSY
Nevada Bar No. 15818
Shady.Sirsy@lewisbrisbois.com
LEWIS BRISGAARD BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
TEL: 702.893.3383
FAX: 702.893.3789
*Attorneys for Defendants Wellpath, Ebony-*
*Michelle Garner, Shawn Mapleton, M.D., Regina*
*Elizondo, Francis Boddie-Small, Virgilio Padilla,*
*Vicky Morgan, James Tenney, M.D., Michelle*
*Fernandez, Ashley Nicole Phillips, Nicole A.*
*Thomson, and Lovella A. Pongan*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MARIAM BLUE, individually, and as Special Administrator of the Estate of STEPHEN BURRELL; LISA L. CARROLL on behalf of her wards SMB, and SFB, individually, | Case No.: 2:21-cv-00372-RFB-DJA |
| Plaintiffs, | **DEFENDANT LOVELLA A. PONGAN ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |
| vs. | |
| CITY OF LAS VEGAS, a political subdivision of the State of Nevada; MICHELE FREEMAN, Former Chief of City of Las Vegas Department of Public Safety, in her official and individual capacities; ROBERT STRAUBE, Deputy Chief of Detention Services for City of Las Vegas Department of Public Safety, LIEUTENANT SHARON MEADS, LIEUTENANT CESAR LANDROVE, LIEUTENANT VENUS THOMPSON, LIEUTENANT DANIELLE DAVIS, in their official and individual capacities;  WELLPATH CARE, F/K/A CORRECT CARE SOLUTIONS, individually; OFFICER DORADO, individually; OFFICER D. CHAPARRO, individually; OFFICER M. WASHINGTON, individually; SGT M. PARKER, individually; SGT. C. SMITH, individually; SGT. WEDIG, individually; SHAWN MAPLETON, individually; MICHAEL POPOV, | |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    individually; FRANCES BODDIE-SMALL,
     individually; EBONYMICHELLE D.
2    GARNER, individually; PSYCH RN DEE,
     individually; REGINA ELIZONDO,
3    individually, and DOES 1-35, inclusive all of
     whom are sued in their individual capacities,
4
                              Defendants.
5

6        COMES NOW Defendant LOVELLA A. PONGAN, by and through her counsel of record,

7    S. Brent Vogel, Esq., Erin E. Jordan, Esq., and Shady Sirsy, Esq. of the law firm Lewis Brisbois

8    Bisgaard & Smith, LLP, and Answers Plaintiffs MARIAM BLUE's and LISA L. CARROLL's First

9    Amended Complaint as follows:

10                              **INTRODUCTION**

11       1.       Answering Paragraphs 1, 2, 3, 4 5, 6, 7, and 8 of Plaintiffs' Complaint, Defendant

12   is without sufficient information or knowledge to admit or deny the allegations contained therein

13   and upon that basis, deny each and every allegation contained therein.

14       2.       Answering Paragraphs 9, 10, 11 and 12 of Plaintiffs' Complaint, Defendant denies

15   each and every allegation contained therein.

16                              **PARTIES**

17       3.       Answering Paragraphs 13, 14, 15, 16, 17, 18, 19, 20, and 21 of Plaintiffs'

18   Complaint, Defendant is without sufficient knowledge to the form a belief as to the truth or falsity

19   of the allegations contained therein and upon that basis, deny each and every allegation contained

20   therein.

21       4.       Answering Paragraph 22 of Plaintiffs' Complaint, Defendant denies each and

22   every allegation contained therein.

23       5.       Answering Paragraphs 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37,

24   38, 39, 40, 41, 42, and 43 of Plaintiffs' Complaint, Defendant is without sufficient knowledge to the

25   form a belief as to the truth or falsity of the allegations contained therein and upon that basis, deny

26   each and every allegation contained therein.

27       6.       Answering Paragraph 44 of Plaintiffs' Complaint, Defendant denies each and

28   every allegation contained therein.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

7.        Answering Paragraph 45 of Plaintiffs' Complaint, Defendant is without sufficient knowledge to the form a belief as to the truth or falsity of the allegations contained therein and upon that basis, deny each and every allegation contained therein.

8.        Answering Paragraph 46 and 47 of Plaintiffs' Complaint, Defendants deny each and every allegation contained therein.

9.        Answering Paragraphs 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65 and 66 of Plaintiffs' Complaint, Defendant is without sufficient knowledge to the form a belief as to the truth or falsity of the allegations contained therein and upon that basis, deny each and every allegation contained therein.

## JURISDICTION AND VENUE

10.       Answering Paragraphs 67 and 68 of Plaintiffs' Complaint, Defendant avers that Paragraphs 67 and 68 set forth legal propositions for which no answer is required; however, to the extent Paragraphs 67 and 68 includes allegations of material fact, Defendant denies all such allegations.

11.       Answering Paragraph 69 of Plaintiffs' Complaint, Defendant avers that Paragraph 69 sets forth legal propositions for which no answer is required.  To the extent Paragraph 69 includes allegations of material fact, Defendant denies all such allegations.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

12.       Answering Paragraphs 70, 71, 72, 73, 74, 75, 76 and 77 of Plaintiffs' Complaint, Defendant is without sufficient knowledge to the form a belief as to the truth or falsity of the allegations contained therein and upon that basis, deny each and every allegation contained therein.

13.       Answering Paragraphs 78, 79 and 80 Plaintiffs' Complaint, Defendant denies each and every allegation contained therein.

14.       Answering Paragraphs 81, 82, 83, 84, 85, 86, 87, and 88 of Plaintiffs' Complaint, Defendant is without sufficient knowledge to the form a belief as to the truth or falsity of the allegations contained therein and upon that basis, deny each and every allegation contained therein.

15.       Answering Paragraphs 89 and 90 of Plaintiffs' Complaint, Defendant denies each and every allegation contained therein.

16.     Answering Paragraph 91 of Plaintiffs' Complaint, Defendant is without sufficient knowledge to the form a belief as to the truth or falsity of the allegations contained therein and upon that basis, deny each and every allegation contained therein.

17.     Answering Paragraph 92 of Plaintiffs' Complaint, Defendant denies each and every allegation contained therein.

18.     Answering Paragraphs 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103 and 104 of Plaintiffs' Complaint, Defendant is without sufficient knowledge to the form a belief as to the truth or falsity of the allegations contained therein and upon that basis, deny each and every allegation contained therein.

19.     Answering Paragraphs 105 and 106 of Plaintiffs' Complaint, Defendant denies each and every allegation contained therein.

20.     Answering Paragraphs 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, and 125 of Plaintiffs' Complaint, Defendant is without sufficient knowledge to the form a belief as to the truth or falsity of the allegations contained therein and upon that basis, deny each and every allegation contained therein.

21.     Answering Paragraphs 126, 127 and 128 of Plaintiffs' Complaint, Defendant admits each and every allegation contained therein.

22.     Answering Paragraphs 129, 130, 131, 132, 133, 134, and 135 of Plaintiffs' Complaint, Defendant is without sufficient knowledge to the form a belief as to the truth or falsity of the allegations contained therein and upon that basis, deny each and every allegation contained therein.

23.     Answering Paragraphs 136 and 137 of Plaintiffs' Complaint, Defendant denies each and every allegation contained therein.

24.     Answering Paragraphs 138 and 139 of Plaintiffs' Complaint, Defendant is without sufficient knowledge to the form a belief as to the truth or falsity of the allegations contained therein and upon that basis, deny each and every allegation contained therein.

25.     Answering Paragraphs 140, 141, 142, and 143 of Plaintiffs' Complaint, Defendant denies each and every allegation contained therein.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

26.     Answering Paragraphs 144, 145, and 146 of Plaintiffs' Complaint, Defendant is without sufficient knowledge to the form a belief as to the truth or falsity of the allegations contained therein and upon that basis, deny each and every allegation contained therein.

27.     Answering Paragraph 147 of Plaintiffs' Complaint, Defendant denies each and every allegation contained therein.

28.     Answering Paragraphs 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, and 158 of Plaintiffs' Complaint, Defendant is without sufficient knowledge to the form a belief as to the truth or falsity of the allegations contained therein and upon that basis, deny each and every allegation contained therein.

29.     Answering Paragraph 159 of Plaintiffs' Complaint, Defendant denies each and every allegation contained therein.

## FIRST CLAIM FOR RELIEF

### DELIBERATE INDIFFERENCE TO SERIOS MEDICAL NEEDS IN VIOLATION OF THE FOURTEENTH AMENDMENT
### (42 U.S.C § 1983)
### *Special Administrator v. Individual Defendants*

30.     Answering Paragraph 160 of Plaintiffs' Complaint, Defendant hereby repeats, realleges, and incorporates by reference their responses to Paragraphs 1 through 159 as though fully set forth herein.

31.     Answering Paragraphs 161 and 162 of Plaintiffs' Complaint, Defendant is without sufficient knowledge to the form a belief as to the truth or falsity of the allegations contained therein and upon that basis, deny each and every allegation contained therein.

32.     Answering Paragraphs 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, and 173 of Plaintiffs' Complaint, Defendant denies each and every allegation contained therein.

## SECOND CLAIM FOR RELIEF

### DEPRIVATION OF FAMILIAL ASSOCIATION IN VIOLATION OF THE FOURTEENTH AMENDMENT
### (42 U.S.C § 1983)
### *All Plaintiffs v. Individual Defendants*

33.     Answering Paragraph 174 of Plaintiffs' Complaint, Defendant hereby repeats, realleges, and incorporates by reference their responses to Paragraphs 1 through 173 as though fully

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

set forth herein.

34.     Answering Paragraphs 175 and 176 of Plaintiffs' Complaint, Defendant is without sufficient knowledge to the form a belief as to the truth or falsity of the allegations contained therein and upon that basis, deny each and every allegation contained therein.

35.     Answering Paragraphs 177, 178, 179, 180, 181, and 182 of Plaintiffs' Complaint, Defendant denies each and every allegation contained therein.

### THIRD CLAIM FOR RELIEF

**OVER-DETENTION IN VIOLATION OF FOURTEENTH AMENDMENT**
**(42 U.S.C § 1983)**
***Special Administrator v. Individual Defendants***

36.     Answering Paragraph 183 of Plaintiffs' Complaint, Defendant hereby repeats, realleges, and incorporates by reference their responses to Paragraphs 1 through 182 as though fully set forth herein.

37.     Answering Paragraphs 184 and 185 of Plaintiffs' Complaint, Defendant is without sufficient knowledge to the form a belief as to the truth or falsity of the allegations contained therein and upon that basis, deny each and every allegation contained therein.

38.     Answering Paragraphs 186, 187, 188, 189, and 190 of Plaintiffs' Complaint, Defendant denies each and every allegation contained therein.

### FOURTH CLAIM FOR RELIEF

***MONELL* LIABILITY- FAILURE TO TRAIN**
**(42 U.S.C § 1983)**
***Special Administrator v. City of Las Vegas & Wellpath***

39.     Answering Paragraph 191 of Plaintiffs' Complaint, Defendant hereby repeats, realleges, and incorporates by reference their responses to Paragraphs 1 through 190 as though fully set forth herein.

40.     Answering Paragraphs 192, 193 (*a. through h.*), 194, 195, 196, 197, and 198 of Plaintiffs' Complaint, Defendant denies each and every allegation contained therein.

/ / /

/ / /

/ / /


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**FIFTH CLAIM FOR RELIEF**

*MONELL* **LIABILITY- POLICY & CUSTOM**
**(42 U.S.C § 1983)**
*Special Administrator v. City of Las Vegas & Wellpath*

41.    Answering Paragraph 199 of Plaintiffs' Complaint, Defendant hereby repeats, realleges, and incorporates by reference their responses to Paragraphs 1 through 198 as though fully set forth herein.

42.    Answering Paragraphs 200 (*a. through i.*), 201, 202, 203 and 204 of Plaintiffs' Complaint, Defendant denies each and every allegation contained therein.

43.    Answering Paragraph 205 of Plaintiffs' Complaint, Defendant is without sufficient knowledge to the form a belief as to the truth or falsity of the allegations contained therein and upon that basis, deny each and every allegation contained therein.

**SIXTH CLAIM FOR RELIEF**

**DISABILITY DISCRIMINATION IN VIOLATION OF THE REHABILITATION ACT OF 1973 and TITLE II OF THE AMERICANS WITH DISABILITIES ACT ("ADA")**
*Special Administrator v. City of Las Vegas & Wellpath*

44.    Answering Paragraph 206 of Plaintiffs' Complaint, Defendant hereby repeats, realleges, and incorporates by reference their responses to Paragraphs 1 through 205 as though fully set forth herein.

45.    Answering Paragraphs 207, 208, 209, 210, 211, 212, 213, 214, 215, 216, and 217 of Plaintiffs' Complaint, Defendant denies each and every allegation contained therein.

**SEVENTH CLAIM FOR RELIEF**

**WRONGFUL DEATH IN VIOLATION OF NEVADA STATE LAW** *SMB, SFB, and Mariam Blue v. All Defendants*

46.    Answering Paragraph 218 of Plaintiffs' Complaint, Defendant hereby repeats, realleges, and incorporates by reference their responses to Paragraphs 1 through 217 as though fully set forth herein.

47.    Answering Paragraphs 219 (*a. through d.*), 220, 221, and 222 (*a. through d.*) of Plaintiffs' Complaint, Defendant denies each and every allegation contained therein.

48.    Answering Paragraphs 223 and 224 of Plaintiffs' Complaint, Defendant is without

1  sufficient knowledge to the form a belief as to the truth or falsity of the allegations contained therein

2  and upon that basis, deny each and every allegation contained therein.

3  **EIGHTH CLAIM FOR RELIEF**

4  **WRONGFUL DEATH IN VIOLATION OF NEVADA STATE LAW**
   *Special Administrator v. All Defendants*

5

6  49.    Answering Paragraph 225 of Plaintiffs' Complaint, Defendant hereby repeats,

7  realleges, and incorporates by reference their responses to Paragraphs 1 through 224 as though fully

8  set forth herein.

9  50.    Answering Paragraphs 226 (*a. through d.*), 227, 228 (*a. through d.*), and 229 of

10  Plaintiffs' Complaint, Defendant denies each and every allegation contained therein.

11  51.    Answering Paragraphs 230 and 231 of Plaintiffs' Complaint, Defendant is without

12  sufficient knowledge to the form a belief as to the truth or falsity of the allegations contained therein

13  and upon that basis, deny each and every allegation contained therein.

14  **NINTH CLAIM FOR RELIEF**

15  **NEGLECT OF A VULNERABLE PERSON IN VIOLATION OF NEVADA STATE LAW**
   *Special Administrator v. All Defendants*

16

17  52.    Answering Paragraph 232 of Plaintiffs' Complaint, Defendant hereby repeats,

18  realleges, and incorporates by reference their responses to Paragraphs 1 through 231 as though fully

19  set forth herein.

20  53.    Answering Paragraphs 233, 234, 235, 236, 237, 238, and 239 of Plaintiffs'

21  Complaint, Defendant denies each and every allegation contained therein.

22  54.    Answering Paragraphs 240 and 241 of Plaintiffs' Complaint, Defendant is without

23  sufficient knowledge to the form a belief as to the truth or falsity of the allegations contained therein

24  and upon that basis, deny each and every allegation contained therein.

25  / / /

26  / / /

27  / / /

28  / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## TENTH CLAIM FOR RELIEF

### MEDICAL MALPRACTICE IN VIOLATION OF NEVADA STATE LAW
### *All Plaintiffs v. Medical Defendants*

55.     Answering Paragraph 242 of Plaintiffs' Complaint, Defendant hereby repeats, realleges, and incorporates by reference their responses to Paragraphs 1 through 241 as though fully set forth herein.

56.     Answering Paragraphs 243, 244, 245, 246, and 247 of Plaintiffs' Complaint, Defendant denies each and every allegation contained therein.

57.     Answering Paragraphs 248 and 249 of Plaintiffs' Complaint, Defendant is without sufficient knowledge to the form a belief as to the truth or falsity of the allegations contained therein and upon that basis, deny each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

58.     Plaintiffs' First Amended Complaint on file herein fails to state a claim against Defendant upon which relief can be granted.

59.     Plaintiffs' First Amended Complaint on file herein is barred by the applicable statute of limitations.

60.     The injuries, if any, allegedly suffered by Plaintiff as set forth in the Complaint were caused in whole or in part by the negligence of a third party or third parties over which Defendant had no control.

61.     The damages, if any, alleged by Plaintiff are not the result of any acts of omission, commission, or negligence, but were the result of a known risk(s), which was consented to by Plaintiff.

62.     Pursuant to NRS 41A.110, Defendant is entitled to a conclusive presumption of informed consent.

63.     The damages, if any, incurred by Plaintiff are not attributable to any act, conduct, or omission on the part of the Defendant. Defendant denies that it was negligent or otherwise culpable in any matter or in any degree with respect to the matters set forth in Plaintiff's Complaint.

64.     That it has been necessary for Defendant to employ the services of an attorney to


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

defend this action and a reasonable sum should be allowed Defendant for attorneys' fees, together with costs of suit incurred herein.

65.     Pursuant NRS 41A.035 Plaintiff's non-economic damages, if any, may not exceed $350,000.

66.     Defendant is not jointly liable with any other entities that may or may not be named in this action and will only be severally liable for that portion of Plaintiff's claims that represent the percentage of negligence attributable to Defendant, if any.

67.     Plaintiff's damages, if any, were not proximately caused by Defendant.

68.     Plaintiff's injuries and damages, if any, are the result of forces of nature over which Defendant had no control or responsibility.

69.     Plaintiff is barred from asserting any claims against Defendant because the alleged damages were the result of one or more unforeseeable intervening and superseding causes.

70.     Plaintiff failed to mitigate damages, if any.

71.     Plaintiff failed to allege facts in support of any award of pre-judgment interest.

72.     The incident alleged in the Amended Complaint, and the resulting damages, if any, to Plaintiff, was proximately caused or contributed to by the Plaintiff's own negligence, and such negligence was greater than the negligence, if any, of Defendant.

73.     Pursuant to FRCP 11, as amended, all applicable Affirmative Defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of Defendant's Answer and, therefore, Defendant reserves the right to amend their Answer to allege additional Affirmative Defenses if subsequent investigation warrants.

74.     Plaintiffs failed to substantively comply with NRS 41A.071.

75.     At all times mentioned herein, Defendant acted reasonably and in good faith with regard to the acts and transactions which are the subject of this lawsuit.

76.     To the extent Plaintiffs has been reimbursed from any source for any special damages claimed to have been sustained as a result of the incidents alleged in Plaintiff's Complaint, Defendant may elect to offer those amounts into evidence and, if this Defendant so elects, Plaintiffs' special damages shall be reduced by those amounts pursuant to NRS 42.021.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

77.    Defendant hereby incorporates by reference those affirmative defenses enumerated in FRCP 8 as if fully set forth herein. In the event further investigation or discovery reveals the applicability of such defenses, Defendant reserves the right to seek leave of the court to amend this Answer to assert the same. Such defenses are incorporated herein by reference for the purpose of not waiving the same.

78.    Defendant avails themselves of all affirmative defenses and limitations of action as set out in NRS 41.085, 41A.035, 41A.045, 41A.061, 41A.071, 41A.097, 41A.100, 42.005, 42.021, 41.141, and all applicable subparts.

79.    NRS Chapters 41 and 41A limit damages that may be collectable against this Answering Defendant.

WHEREFORE, Defendant prays for judgment against Plaintiffs as follows:

1.    That Plaintiffs take nothing by virtue of their First Amended Complaint;

2.    That Plaintiffs be held liable in contribution and or common law indemnity and contribution, and for such other and further relief to which Defendant is justly entitled;

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    3.    That Defendant recover costs of suit incurred herein;

2    4.    That Defendant recover attorneys' fees and costs; and

3    5.    For such other and further relief as the Court may deem just, equitable,

4    and proper.

5

6    DATED this 24th day of February, 2022

7

8                                LEWIS BRISBOIS BISGAARD & SMITH LLP

9                        By      /s/ Brent S. Vogel

10                               S. BRENT VOGEL
                                 Nevada Bar No. 6858
11                               ERIN E. JORDAN
                                 Nevada Bar No. 10018
12                               SHADY SIRSY
                                 Nevada Bar No. 15818
13                               6385 S. Rainbow Boulevard, Suite 600
                                 Las Vegas, Nevada 89118
14                               Tel. 702.893.3383
                                 *Attorneys for Defendants Wellpath, Ebony-*
15                               *Michelle Garner, Shawn Mapleton, M.D., Regina*
                                 *Elizondo, Francis Boddie-Small, Virgilio Padilla,*
16                               *Vicky Morgan, James Tenney, M.D., Michelle*
                                 *Fernandez, Ashley Nicole Phillips, Nicole A.*
17                               *Thomson, and Lovella A. Pongan*

18

19

20

21

22

23

24

25

26

27

28

12

1

## **CERTIFICATE OF SERVICE**

2      I hereby certify that on the 24th day of February, 2022, I electronically filed the foregoing

3  **DEFENDANT LOVELLA A. PONGAN ANSWER TO PLAINTIFFS' FIRST AMENDED**

4  **COMPLAINT** with the Clerk of Court for the United States District Court, and served the

5  registered user participants in the case, by using the Court's CM/ECF system.

6

7  Peter Goldstein, Esq.                     Paul A. Cardinale, Esq.
   PETER GOLDSTEIN LAW CORP        LAURIA TOKUNAGA GATES & LINN, LLP
8  peter@petergoldsteinlaw.com           601 South Seventh Street
   10161 Park Run Drive, Suite 150       Las Vegas, NV 89101
9  Las Vegas, Nevada 89145               Tel: (702) 387-8633
   Tel: (702) 474-6400                   Fax: (702) 387-8635
10 Fax: (888) 400-8799                   *Attorneys for Defendant MICHAEL POPOV,*
   *Attorney for Plaintiffs*             *D.O.*
11
   Bryan K. Scott, Esq.
12 City Attorney
   Jeffrey L. Galliher, Esq.
13 Deputy City Attorney
   495 South Main Street, 6th Floor
14 Las Vegas, Nevada 89101
   Tel: (702) 229-6629
15 Fax: (702) 386-1749
   Email: j galliher@lasvegasnevada.gov
16
   *Attorneys for Defendants*
17 *City of Las Vegas, Michele Freeman, Robert*
   *Straube, Lieutenant Sharon Meads, Lieutenant*
18 *Cesar Landrove, Lieutenant Venus Thompson,*
   *Lieutenant Danielle Davis, Officer Richard*
19 *Dorado, Officer D'Angelo Chaparro-Wilson,*
   *Officer Maurice Washington, Sgt. Marcos*
20 *Parker, Sgt. Charles Smith and Sgt. John Wedig*

21

22

23
                              */s/Tiffany Dube*
24                            An employee of
                              Lewis Brisbois Bisgaard & Smith LLP
25

26

27

28



13