**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

Lisa Carroll, et al.,

                Plaintiffs

   v.

City of Las Vegas, et al.,

                Defendants

Case No. 2:21-cv-00372-CDS-DJA

**Order Granting Plaintiff's Petition for Approval of Minor's Compromise for SFB**

[ECF Nos. 176, 180]

       Plaintiffs Lisa Carroll, legal guardian on behalf of minors SMB and SFB (collectively, "the minors") and Marian Blue, as special administrator of the estate of her adult son, decedent Stephen Burrell, sued defendants[1] City of Las Vegas and Wellpath, LLC under 42 U.S.C. § 1983 in relation to the alleged wrongful death of Stephen Burrell during his incarceration in the City of Las Vegas Detention Center. Because SFB is a minor, plaintiffs filed a petition for approval of minor's compromise. ECF Nos. 176, 180.[2] Declarations from plaintiffs' counsel Peter Goldstein (ECF No. 180-5), legal guardian Lisa Carroll (ECF No. 180-6), and special administrator Marian Blue (ECF No. 180-7) are attached. The petition is unopposed. Upon review of the papers submitted, I find the amount to be reasonable and the settlement to be in the best interest of all parties. Thus, I grant plaintiffs' petition for compromise of minors' claim for SFB.

---

[1] Also named were defendants Danielle Davis, Francis Boddie-Small, Regina Elizondo, Michelle Fernandez, Ebony-Michelle Garner, Shawn Mapleton, Dee Morgan, Virgilio Padilla, Ashley Nicole Phillips, Lovella A. Pongan, James Tenney, Nicole Ashley Thomson, Vicky Morgan, and Ashley Nicole Phillips.

[2] For ease of reference, I refer to the public redacted version (ECF No. 180) throughout this order.

I.      **Background**

This case arose from the death of Stephen Burrell. In 2019, Burrell entered the City of Las Vegas Detention Center where he was held as a pre-trial detainee following his arrest. ECF No. 56 at ¶¶ 1–3. During that time, Burrell was housed in an isolation cell where he ate little to no food. *Id.* at ¶¶ 3–6. Without intervention by defendants, Burrell's health deteriorated, and he ultimately died. *Id.* at ¶¶ 5–7. Plaintiffs made a claim for damages as a result of actions related to Burrell's medical treatment. *See generally id.* The parties participated in a mediation which resulted in a settlement. ECF No. 157. The legal guardian of Burrell's two minor children, Lisa Carroll, petitions for approval of the minors' compromise of claims. ECF Nos. 179, 180.

II.     **Legal standard**

It is well settled that courts have a special duty to safeguard the interests of litigants who are minors in the context of settlements proposed in civil suits. *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). This special duty "requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)).

As the Ninth Circuit has made clear, in cases involving the settlement of a minor's federal claims, the district court should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases," and should "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id.* at 1181–82 (citing *Dacanay*, 573 F.2d at 1078). "So long as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases, the district court should approve the settlement as proposed by the parties." *Id.*

III.     **Analysis**

    A.  **Proposed Settlement**

Under the terms of the settlement, ████████ is to be distributed to SFB, and his attorneys. ECF No. 180 at 2–3. After deducting 33.33% in attorneys' fees and costs of $4,576.62, the total net settlement to them is ████████, to be paid into a structured settlement annuity. *Id.* at 3. It is requested that, prior to the investment of the annuity, the amount of ████████ be paid to Carroll to fund the minors' orthodontic work, purchase sports equipment, and pay travel expenses related to their traveling basketball team. *Id.* at 4; Carroll Decl., ECF No. 180-6 at ¶ 8. Carroll supports the proposed distribution of funds and believes that it is in the best interest of the minors. ECF No. 180-6 at ¶¶ 5, 7.

In determining whether to approve the settlement, the court must first consider the outcome of similar cases to determine whether the sum to settle the minors' claims is reasonable. *See Robidoux*, 638 F.3d at 1181. Although the petitioner did not identify any similar actions to support the approval of the minors' compromise, I find the recovery is appropriate considering those received by minors in other actions. The settlement here far exceeds the amounts awarded to other minors who have suffered the loss of a parent during encounters with law enforcement. *See, e.g.*, *Armstrong v. Dossey*, 2013 WL 4676541, at *3–4 (E.D. Cal. Aug. 30, 2013) (approving recovery of $22,500 for minor with close relationship with father and $11,000 to minor with little to no relationship with father in Section 1983 and negligence case for failure to provide medical treatment to minors' incarcerated father); *Swayzer v. City of San Jose*, 2011 WL 3471217, at *1 (N.D. Cal. Aug. 5, 2011) (approving minor's compromise for net amount of $2,054.17 in action involving alleged wrongful death of minor's father during his arrest). Second, the requested attorneys' fees award is "reasonable in light of the signed contingency agreement and the early resolution of this case, which prevented prolonged litigation costs and continued trauma of rehashing the events underlying the suit." *Nephew v. Santa Rosa Memorial Hospital*, 2015 WL 5935337, at *3 (N.D. Cal. Oct. 13, 2015). Based on a review of the petition, together with the

exhibits attached thereto, I find that the settlement is reasonable, and the attorneys' fees and costs are reasonable and fair.

**B. Method of Disbursement**

The parties propose that the net settlement funds be placed in an income tax-free structured settlement annuity for each minor through Pacific Life & Annuity Services. ECF Nos. 180 at 3–4; 180-1. I have considered the structured annuity quote provided by Pacific Life & Annuity Services and the disbursement chosen by Carroll. This method provides that the balance of the settlement be placed in individual accounts for the minors with disbursements to be made over a period of years. *Id.*; *see also* ECF No. 180-2. This annuity also provides the minor with guaranteed lump sum payments of ████████ at age 18; ████████ at age 20; ████████ at age 22; ████████ at age 24; ████████ at age 26; and ████████ at age 28. *Id.* In total, SFB will receive guaranteed benefits of ████████ after the final payments occur. ECF Nos. 178-1 at 2–3. I find the method of disbursements to be fair, reasonable, and within the bounds of applicable law. The annuities protect the minors as they provide that the bulk of the settlement be released after they reach the age of majority.

**IV. Conclusion**

Based on the foregoing, the petition for approval of minor's compromise **[ECF Nos. 176, 180] is approved** and IT IS HEREBY ORDERED that the settlement be implemented according to its terms, and as described above.

Dated: March 26, 2024

Cristina D. Silva
United States District Judge